**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-7982**

JEROME MCFADDEN,

             Plaintiff – Appellant,

        v.

S.B. LEWIS, Associate Warden; FRANK MURSIER, Major McCI; L.
CARTELEDGE, Warden at McCI McCormick Correctional
Institution,

             Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Mary Geiger Lewis, District
Judge.  (0:12-cv-01627-MGL)

Submitted:  March 20, 2013          Decided:  April 2, 2013

Before NIEMEYER, DAVIS, and KEENAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Jerome McFadden, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome McFadden appeals the district court's order dismissing his 42 U.S.C. § 1983 (2006) complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B) (2006). McFadden's complaint alleged that prison officials had retaliated against him for his filing of a prior § 1983 action by transferring him to a facility at which he feared for his safety, terminating him from his prison job, placing him in administrative segregation, verbally and sexually harassing him, and filing false disciplinary charges against him. Although the district court assessed each individual action of which McFadden complained, it did not evaluate his assertion that the individual acts were motivated by an intent to retaliate against him because he had filed a previous lawsuit.

Retaliation against an inmate for the exercise of his right to access the courts states a cognizable claim. Hudspeth v. Figgins, 584 F.2d 1345, 1347-48 (4th Cir. 1978). Such retaliation by an official is actionable even if the act would have been proper if taken for different reasons. American Civ. Liberties Union v. Wicomico Cnty., 999 F.2d 780, 785 (4th Cir. 1993). In order to state a retaliation claim, the "plaintiff must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v.

2

Rice, 40 F.3d 72, 75 (4th Cir. 1994). The plaintiff must allege sufficient facts to warrant concern that the alleged retaliation might have a chilling effect on the exercise of the right to access the courts and show that he suffered more than de minimis inconvenience. Wicomico, 999 F.2d at 785-86 & n.6. The prisoner need not succumb entirely or even partially to the threat; it is sufficient that the retaliation was intended to limit the prisoner's right of access to the court "and was reasonably calculated to have that effect." Hudspeth, 584 F.2d at 1348. However, the plaintiff must allege specific facts supporting his claim of retaliation; bare assertions of retaliation do not establish a claim of constitutional dimension. Adams, 40 F.3d at 74-75.

Here, because the district court failed to consider McFadden's claim that each of the specific actions he complained of were taken in retaliation for his filing of a previous § 1983 complaint, we vacate the district court's order and remand for consideration of this claim in the first instance. See Adams, 40 F.3d at 75. In so doing, we express no opinion as to the merits of McFadden's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

3